**Walter THOMAS, Jr., Petitioner-Appellant,**

v.

**James E. DECKER, Sheriff, Dallas County, Texas, Respondent-Appellee.**

No. 29718
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1970.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 409 F.2d 431, Part I.

**1034**

Walter Thomas, Jr., pro se.

Henry Wade, Criminal Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state convict for the writ of habeas corpus. We vacate and remand.

Walter Thomas, the petitioner, is serving a 99-year sentence for robbery by assault, having been convicted upon trial by jury. Thomas v. State, Tex. Cr.App.1970, 451 S.W.2d 907.

In his habeas petition Thomas alleges that he was subjected to an illegal search and seizure and that he was forced to participate in a pre-trial lineup without benefit of counsel. The district court denied relief for failure to exhaust state remedies.

The record shows that the petitioner has not applied for collateral relief in any state court. He did, however, present to the Texas Court of Criminal Appeals on direct appeal the same issues he raised in this proceeding. That court fully discussed the issues. Thomas v. State, supra, and Thornton v. State, Tex. Cr.App.1970, 451 S.W.2d 898, a companion case.

■ Since allegations on which his application for habeas is based were fully developed at his state trial and upon direct appeal to the highest state court, he need not relitigate them in state habeas proceedings as a prerequisite to an application for habeas corpus relief to a federal district court. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Williams v. Wainwright,

5 Cir. 1969, 410 F.2d 144. The state has had the opportunity, required by comity and by statute, to exercise its fact-finding and law-deciding functions.

In short, the petitioner exhausted his state remedies within the meaning of 28 U.S.C. § 2254. He is now entitled to have his allegations considered on the merits in a federal forum.

The judgment below is vacated and the case remanded.