Louis B. HARPER, Petitioner,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

No. 71-337-Civ-J.

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 21, 1971.

Frank A. Taylor, Orlando, Fla., for petitioner.

Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## ORDER AND WRIT OF HABEAS CORPUS

CHARLES R. SCOTT, District Judge.

Louis B. Harper has petitioned this Court for the issuance of a writ of ha-

beas corpus. After the filing of numerous pleadings this cause was set for an evidentiary hearing held before this Court on December 13, 1971, in Jacksonville, Florida. Petitioner, an inmate of the Florida Division of Corrections at the Avon Park Correctional Institution, alleges *inter alia* that he was denied the effective assistance of counsel and that, therefore, he is in custody in violation of the Constitution of the United States. This Court agrees.

Petitioner pled not guilty by reason of insanity in 1950 to a charge of armed robbery. However, after a jury trial in the Circuit Court of Marion County, Florida, he was found guilty and sentenced to a term of 30 years. During the ensuing confinement of more than ten years petitioner mounted numerous legal assaults on his incarceration. Finally he was successful in 1967 in one collateral attack when his conviction and sentence was vacated and set aside. Subsequent to his release from confinement by the state authorities, cash or surety bond was set at $1,000.00 and petitioner was released thereon pending retrial.

While out on bail Harper bought a home and established a business which employed several persons. He conducted himself in such a manner as to avoid any difficulty with law enforcement agencies.

Shortly after his release from confinement pending retrial Robert E. Pierce, a public defender, was appointed by the state court to represent Harper who entered a plea of not guilty. It is undisputed that Harper was principally motivated to plead not guilty by his desire to be a free, *i. e.*, unincarcerated, man. The trial date was set for October 22, 1969.

Harper gave Pierce the names of several witnesses to subpoena. However, by the trial date, Pierce had failed to subpoena these witnesses. No tenable explanation has been given for such failure.

On the morning of October 22, 1969, Pierce, as Harper's attorney, entered into a first private conversation with the state trial judge. This closed meeting was not attended by Harper, the state attorney or his assistants, or, apparently, by anyone else. Pierce ostensibly told Harper that he was meeting with the state trial judge in order to move for a continuance of the trial. The record is not clear as to whether this motion was ever made; but, if made, it was denied. Pierce inquired of the state trial judge as to what the sentence might be if the plea was changed to that of guilty. Pierce's testimony at the evidentiary hearing before this Court is that the state trial judge represented to him that, if the presentence investigation report reflected Harper's good behavior while out on bond, he would give "serious consideration to probation". Subsequent to that conversation but before Harper's rearraignment later that morning, Pierce conveyed this information to his client. Pierce advised Harper to plead guilty and indicated that, in his opinion based on the representation of the judge, Harper would probably receive probation. However, Pierce failed to inform Harper that the entry of a plea of guilty would moot a pending petition for writ of habeas corpus which had been filed pro se before the Supreme Court of Florida; and, in fact, Pierce neglected to render any meaningful advice to Harper as to the effect of a plea of guilty on such a petition. Harper testified at the evidentiary hearing before this Court that his understanding of the judge's representation was slightly different; but, since Pierce's version is less favorable to Harper, it is accepted for the purposes of this order.

Upon considering that the state trial judge would give "serious consideration to probation" and in the expectation that he would receive a sentence equal to the years previously served or, at the worst, probation, Harper decided to withdraw his plea of not guilty. Consequently, Harper was rearraigned on October 22, 1969, in lieu of trial and there

moved successfully to withdraw his plea of not guilty and enter a plea of guilty.

Harper's sentencing was set for January 16, 1970. On that morning Pierce entered into a second private conversation with the same state trial judge before whom Harper was thereafter sentenced. This closed meeting was not attended by Harper, the state attorney or his assistants, or, apparently, anyone else. The judge informed Pierce that he had received the presentence investigation report and that he had determined that he was going to sentence Harper to 30 years less whatever time he had previously served. Pierce knowingly failed to relay this information to Harper before sentence was imposed or for that matter at any time. Harper was in fact sentenced to 30 years less time previously served and unforfeited gain time. Immediately upon the sentencing Pierce left the court room and apparently the building. When Harper was advised of his right to appeal his lawyer was not at his side.

■ The issues presented in this case are identical to those which were the basis of Harper's motion for a new trial before the trial court, his direct appeal therefrom to the First District Court of Appeal of Florida and his subsequent petition for writ of habeas corpus before the Supreme Court of Florida. Petitioner has, indeed, exhausted his state remedies. 28 U.S.C. § 2254(b); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948); Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970).

■ It is the unquestionable rule of law that the sixth amendment of the United States Constitution, as applied to the states through the fourteenth amendment, secures to an indigent state accused the right to the assistance of counsel in a criminal prosecution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Such assistance, it has been long held, must be effective and substantial. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Pineda v. Bailey, 340 F.2d 162 (5th Cir. 1965); Lyles v. Beto, 329 F.2d 332 (5th Cir. 1964); Porter v. United States, 298 F.2d 461 (5th Cir. 1962).

The right to effective counsel has been interpreted to mean " . . . not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance". MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960). The "reasonable counsel" standard is defined negatively in terms of incompetency:

> "The actual standard of incompetency applied by the overwhelming majority of courts is stated as follows: Incompetency of counsel such as a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham, or mockery of justice".

King v. Beto, 429 F.2d 221, 225 (5th Cir. 1970); *quoting* Brown v. Beto, 377 F.2d 950, 957–958 (5th Cir. 1967). These are the standards which this Court must apply to the case at bar.

■ Rule 1.170(f) of the Florida Rules of Criminal Procedure, 33 F.S.A., provides that:

> "[t]he court may, in its discretion and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn. . . . "

Harper's plea of guilty was undoubtedly and irrefutably entered on the hope that the state trial judge would at worst sentence him to probation. Pierce knew this; indeed, his testimony at the evidentiary hearing before this Court reflects that knowledge of this factor was a motivating reason for his decision not to tell Harper that the judge was going to impose a 30 year sentence. Since Harper did not know prior to sentencing of the judge's determination, he had no reason whatever for making a motion to withdraw his plea of guilty. Pierce's knowing failure to convey this information to Harper before sentencing in effect locked Harper out of the requisite intelligence which would have induced a motion to withdraw the plea of guilty and in reality locked Harper into the state prison.

It is clear that Harper was without the reasonably effective assistance of counsel. Although this conclusion is no doubt clearer to Harper than anyone else, Pierce admitted more than once in the evidentiary hearing before this Court that it was a violation of his duty as an attorney to conduct himself in such a manner.

No doubt this situation could have been avoided. Closed, unreported meetings with the court in criminal cases without the presence of the defendant are replete with pitfalls. The facts of this case demonstrate the point. Reported hearings in open court in the presence of the accused are the safest and best way for an attorney to proceed.

The knowing failure of Pierce to convey vital information to Harper, when combined with Pierce's lack of preparation on the day the trial had been set, Pierce's failure to subpoena witnesses requested by the accused and Pierce's absence of advice on the effect of a guilty plea on the pending petition for a writ of habeas corpus, yields the inevitable finding and conclusion that Harper was denied the assistance of counsel guaranteed him by the sixth and fourteenth amendments of the United States Constitution and that he was denied a fair trial and the due process of law.

Harper is entitled forthwith to the issuance of this writ of habeas corpus.