**Emilio CASIAS, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71-3165.

United States Court of Appeals, Fifth Circuit.

April 26, 1972.

Roy E. Greenwood, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., Joyce Hill, Lubbock, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Max P. Flusche, Jr., Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

Emilio Casias, a Texas state prisoner, appeals from the denial by the District Court, 333 F.Supp. 214, of his application for writ of habeas corpus. Two questions are presented on appeal: (1) Whether under the holding of North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969), appellant's constitutional right to due process has been violated as a result of the imposition by a second jury on retrial of a harsher sentence than that imposed by a different jury on the original trial for the same offense; and (2) whether appellant's confession was improperly admitted into evidence because of its alleged involuntary nature. We agree with the District Court that both questions require negative answers.

Appellant has been tried twice for the state offense of robbery by assault and on both occasions a jury found him guilty. The first jury assessed punishment at forty years' imprisonment. Appellant's motion for a new trial was granted. He was tried before a second jury and again found guilty. The jury this time set punishment at life imprisonment. In *Pearce*, the Supreme Court said:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." 395 U.S. 725, 89 S.Ct. 2080.

In denying the writ, the District Court reasoned that the *Pearce* factor of retaliation or vindictiveness does not apply where a jury sets the penalty and where, as here, the record reflects no knowledge by the jury of the earlier trial which might engender a desire for retaliation. The result reached by the District Court is in accord with our recent opinion in Chaffin v. Stynchcombe, 5 Cir., 1972, 455 F.2d 640. See also Salisbury v. Grimes, 5 Cir., 1969, 406 F.2d 50, a pre-*Pearce* decision.

Appellant also contends that the confession was involuntary because of his low mentality. This issue was decided adversely to appellant both by the Trial Court out of the presence of the jury and subsequently by the jury. The Texas Court of Criminal Appeals affirmed. See Casias v. State, 1970, 452 S.W.2d 483. The District Court had before it transcripts of the proceedings of both trials and of hearings on pretrial motions to suppress the confession. Having found that full and fair hearings had been conducted on the issue of voluntariness, and that none of the excep-

tions of 28 U.S.C. § 2254(d) appeared to be applicable, the District Court correctly adopted the finding by the Trial Judge that appellant, notwithstanding his retarded mental capacity, understood the warnings given him, understood the nature and consequences of the confession, and knowingly, intelligently, and voluntarily made his confession. Townsend v. Sain, 372 U.S. 293, 312, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); King v. Beto, 5 Cir., 1970, 429 F.2d 485, 486.

Affirmed.