**Walter THOMAS, Jr., Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–2664**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 13, 1972.

Rehearing Denied July 14, 1972.

Roy E. Greenwood, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

For the second time Thomas appeals from an order of the district court denying his petition for the writ of habeas corpus.[1]  Again we vacate and remand.

Thomas filed a "First Amended Original Petition" after the case was remanded by us in which he added an allegation to the effect that the prosecutor displayed his criminal record to the jury during a trial recess.  It appears that the district court denied his amended petition in reliance on a magistrate's report that Thomas had not exhausted his state remedies on the added claim.

■ The record reflects, however, that Thomas has raised this issue both at the trial level, where his motion for mistrial was denied, and in his direct appeal,[2] where the court found the claim meritless.  Our previous holding in this case that Thomas need not relitigate by collateral attack in state courts an issue which has been presented to the state trial and appellate courts as a prerequisite to an application for habeas corpus relief in a federal district court is equally applicable to this appeal.  Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970).

We do not here rule on the merits of any of the other points raised in the petition.  Although the magistrate's report recommended disposition on the merits of other grounds for relief asserted by Thomas, and the state's brief on this appeal has argued such other points, it would not have been appropriate for the district court to rule on any grounds asserted since the judge was of the opinion that state remedies had not been exhausted on all of the habeas corpus applicant's contentions.  See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Jackson v. Wainwright, 450 F.2d 289 (5th Cir. 1971); Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969).  It is not clear whether or not the district court sought to pass on the merits of any of petitioner's contentions but our action here leaves all open for such reconsideration as the court deems appropriate.

The judgment below is vacated and the case remanded so that Thomas' claims can be considered on their merits.  Although we pretermit a decision on the merits and the propriety of the court's holding an evidentiary hearing, we note that Thomas has raised an issue which may require the examination of one or more jurors who sat at his trial.  This and other relevant factors should be considered by the court.

Vacated and remanded.

1. Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970).  Subsequent to the first appeal, the court substituted Dr. George J. Beto, Director, Texas Department of Corrections for James E. Decker, Sheriff, Dallas County, Texas, as respondent because Thomas was removed to the Texas Department of Corrections custody.

2. Thomas v. State, 451 S.W.2d 907 (Tex. Cr.App.1970).