John David HAY, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-2712

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1972.

---

* Honorable William B. Enright, United State District Judge, San Diego, California, sitting by designation.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John David Hay, pro se.

Crawford Martin, Atty. Gen., Howard Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

The district court denied the appellant's petition for a writ of habeas corpus on the grounds that he had failed to exhaust available state remedies. We vacate and remand.

Appellant Hay was convicted of burglary and sentenced to four years in the state penitentiary on September 19, 1967. This is the judgment of conviction which Hay is attacking in these proceedings.

In his habeas corpus petition the appellant alleges that he was illegally arrested without a warrant, that the police conducted illegal searches and seizures and that tainted evidence recovered as a result of the illegal searches and seizures was introduced at his trial.

The appellant presented these allegations, subsequent to his conviction, by

motion for new trial filed in the sentencing court, and on direct appeal. The Texas Court of Criminal Appeals affirmed the appellant's conviction on December 18, 1968. Hay v. State, Tex.Cr. App.1968, 436 S.W.2d 153.

It is well settled that a prisoner who petitions for federal habeas corpus relief need not further exhaust his state remedies if he has previously had his contentions ruled on by the state's highest court on direct appeal. Thomas v. Beto, 5th Cir. 1972, 461 F.2d 244; McCluster v. Wainwright, 5th Cir. 1972, 453 F.2d 162; Bartz v. Wainwright, 5th Cir. 1971, 451 F.2d 663.

Accordingly, we conclude that the district court erred in dismissing the appellant's petition on grounds of failure to exhaust state remedies. The judgment below is vacated and the case is remanded so that the district court may adjudicate Hay's claims on their merits.

Vacated and remanded.