James **GRAVES**, Petitioner-Appellant,

v.

**STATE OF LOUISIANA**, Respondent-Appellee.

No. 72–3353

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1973.

James Graves, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court denying the petition of Graves, a Louisiana state convict for the writ of habeas corpus. We vacate and remand.

Graves was convicted of murder and sentenced to life imprisonment. On direct appeal the Supreme Court of Louisiana affirmed his conviction. State v. Graves, 1971, 259 La. 526, 250 So.2d 727.

In his habeas petition Graves alleged that a taped statement was improperly admitted into evidence at his trial in violation of his rights under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The district court summarily dismissed the petition, finding that Graves has not applied for collateral relief in any state court. The district court therefore concluded that federal consideration of the petition was premature on authority of 28 U.S.C.A. § 2254.

The district court's action in dismissing the petition for failure to exhaust state remedies was clearly improper in this case since Graves presented the identical contention to the Supreme Court of Louisiana on his direct appeal. This Court, following Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, has consistently held that issues presented to the state's highest court on direct appeal need not be relitigated in state habeas corpus proceedings. Hay v. Beto, 5 Cir. 1972, 467 F.2d 1388; McCluster v.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**1192**

Wainwright, 5 Cir. 1972, 453 F.2d 162; Thomas v. Decker, 5 Cir. 1970, 434 F.2d 1033.

Graves has exhausted his state remedies as required by 28 U.S.C.A. § 2254 and he is now entitled to have the district court adjudicate his claim on its merits.

The judgment below is vacated and the case remanded for further proceedings.

Vacated and remanded.