**Walter THOMAS, Jr., Petitioner-Appellant,**

v.

**W. J. ESTELLE, Respondent-Appellee.**

No. 72–3822

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1973.

Walter Thomas, Jr., pro se.

John L. Hill, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

This Texas state prisoner habeas applicant was a co-defendant with Cariston Thornton in a conviction on charges of robbery by assault. We affirmed the denial of federal habeas relief to Thornton. See Thornton v. Beto, 5 Cir., 1972, 470 F.2d 657. We now affirm the denial of federal relief to Thomas.

Five assignments of error are properly before this court: (1) that evidence was illegally obtained, (2) that Thomas was subjected to an illegal lineup, (3) that the prosecution made prejudicial remarks before the jury, (4) that a motion for severance should have been granted to allow appointed counsel more time to prepare for trial, and (5) that evidence of prior convictions was improperly presented to the jury.

We found assignments numbered (1), (2), and (3) to be without merit in *Thornton, supra.* We again find these assignments to be without merit.

■ There was no error in the denial of a severance or continuance based on the late reentry of Thomas' appointed counsel into the case. There had been a good deal of backing and filling with respect to whether Thomas wished representation by the appointed counsel or by a retained attorney. There was no showing whatever of prejudice.

Assignment of error numbered (5) is likewise without merit.

■ Appellant seeks to raise two additional grounds for habeas relief in this court: (1) that he was prejudiced by being tried while clad in jail clothes, and (2) that his counsel was ineffective. We will not consider these contentions. If Thomas has not already done so, he must exhaust his state remedies by asserting these new grounds in state court. He may thereupon assert them in the federal district court.

Affirmed.

* Rule 16, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.