Janie H. GIBBS, Petitioner,

v.

WARDEN OF the GEORGIA STATE PENITENTIARY, HARDWICK, GEORGIA, Respondent.

Civ. A. No. 76–31–AMER.

United States District Court, M. D. Georgia, Americus Division.

May 24, 1978.

Frank K. Martin, Martin, Kilpatrick & Davidson, Columbus, Ga., for petitioner.

Isaac Byrd, Staff Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

OWENS, District Judge.

 Janie Gibbs, a state prisoner presently serving five consecutive life sentences imposed after a jury found her guilty of the poisoning murders of five of her close relatives, petitions this court for habeas corpus relief. Her sole contention challenges the voluntariness of her confession given during custodial interrogation after waiver of rights. The confession was admitted into evidence after the trial judge held a *Jackson v. Denno* hearing and concluded the confession was voluntary upon a preponderance of the evidence.[1] His conclusion was affirmed on appeal. *Gibbs v. The State,* 235 Ga. 480, 220 S.E.2d 254 (1975).[2] Ms. Gibbs may only obtain relief from this court upon demonstrating that her state record does not fairly support the trial court's finding that her confession was voluntary. 28 U.S.C.A. § 2254(d)(8); *Casias v. Beto,* 459 F.2d 54 (5th Cir. 1972). Unlike her *Jackson v. Denno* hearing, in this habeas petition Ms. Gibbs carries the burden of proof. *Lokos v. Capps,* 528 F.2d 576 (5th Cir. 1976).

The record reveals that Ms. Gibbs' interrogation was conducted under circumstances and in a fashion which bore not the slightest hint of improper compulsion by the police. The police officers showed Ms. Gibbs considerable courtesy and considera-

tion during the interrogation. She appeared to be intelligent and alert. The statement which she eventually signed and which was used against her at trial is very detailed. She clearly recalled events which transpired long before giving the statement. Throughout her interrogation she was repeatedly advised of her *Miranda* rights. The confession itself begins with a recitation of those rights and a statement that she understood them. The police officers had no reason to suspect that Janie Gibbs was mentally incompetent at the time she waived her rights and gave her confession. However, approximately forty five days after she confessed, a Georgia jury found Ms. Gibbs incompetent to stand trial, and at her *Jackson v. Denno* hearing prior to her eventual trial, there was considerable psychiatric testimony that Janie Gibbs was a psychotic suffering from schizophrenia for a number of years which included the period during which she confessed.

 The state record fairly supports the conclusions that the police acted properly during the interrogation and that the confession was accurate and reliable. However, those conclusions are not dispositive of Ms. Gibbs' habeas petition. Despite proper police behavior and the apparent trustworthiness of the resulting confession, a confession is inadmissible where it probably would not have been obtained but for the confessor's insanity or mental incompetence. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Blackburn v. State of Alabama,* 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); *Pea v. United States,* 130 U.S.App.D.C. 66, 397 F.2d 627 .(1967). In *Blackburn* the court concluded that the petitioner's mental illness was such that his "confession most probably was not the product of any meaningful act of volition." 361 U.S. at 211, 80 S.Ct. at 282. The court noted that

[s]urely in the present stage of our civilization a most basic sense of justice is

---

1. Georgia law requires that voluntariness of confessions be shown by a preponderance. *Pierce v. State,* 238 Ga. 126, 231 S.E.2d 744 (1977); *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

2. Although she has not sought state habeas relief, Ms. Gibbs has exhausted her state remedies on the question of voluntariness and her petition may now be considered by this court. 28 U.S.C.A. § 2254(b); *Graves v. State of Louisiana,* 472 F.2d 1191 (5th Cir. 1973).

affronted by the spectacle of incarcerating a human being upon the basis of a statement he made while insane; and this judgment can without difficulty be articulated in terms of the unreliability of the confession, the lack of rational choice by the accused, or simply a strong conviction that our system of law enforcement should not operate so as to take advantage of a person in this fashion. 361 U.S. at 207, 80 S.Ct. at 280.

■ The court's discussion in *Blackburn,* notably such language as that quoted above, arguably implies that all confessions given by individuals suffering severe psychosis are always inadmissible even if the individual's psychosis is not shown to be the probable reason for the confession. However, although the fairness concerns would appear to be precisely similar, there is no per se rule that all confessions given while under the influence of drugs or alcohol are inadmissible. *Ortiz v. United States,* 318 F.2d 450 (9th Cir. 1963); *United States v. Arcediano,* 371 F.Supp. 457 (N.J.1974). Likewise, that a confessor possesses a substantially subnormal mentality is a fact indicating, but not establishing, that his confession was involuntary. *See Sanchez v. Beto,* 467 F.2d 513 (5th Cir. 1972); *Cooper v. Griffin,* 455 F.2d 1142 (5th Cir. 1972); *Molingnaro v. Smith,* 408 F.2d 795 (5th Cir. 1969); *Lathers v. United States,* 396 F.2d 524 (5th Cir. 1968). Consequently this court concludes that there is no per se rule holding inadmissible confessions given by individuals suffering severe psychotic conditions. Rather, a confession is inadmissible if it would not have been obtained but for the effects of the confessor's psychosis. There is nothing unfair about using the admissions of a psychotic individual where the giving of the admissions is not substantially related to the effects of the psychosis. In such a case, no advantage has been taken of the individual's disability.

■ On the present record it must be concluded that Janie Gibbs was suffering from a severe psychosis during a period of years which include the time she gave her confession. However, as discussed above, simply showing that Ms. Gibbs was suffering from a psychosis does not require that her confession be found inadmissible. There must be a showing that the effects of Ms. Gibbs' psychosis substantially contributed to the giving of her confession. Various courts have made reference to the type of effects which require that confessions be held inadmissible. Ms. Gibbs' confession is inadmissible if it appears that her psychosis rendered her incapable of understanding the meaning and effect of her confession [3] or caused her to be indifferent to protecting herself [4] or left her with little determination so that her will might be easily overborne by questions and suggestions.[5] The record fairly supports a conclusion that Ms. Gibbs' confession was not the result of these possible effects or other conceivable effects of Ms. Gibbs' psychosis.

The psychiatric testimony at Ms. Gibbs' *Jackson v. Denno* hearing indicates that while Ms. Gibbs was suffering from severe schizophrenia during a period of years which includes the time of her confession, she would know the difference between what was legally right and wrong. (Tr. 17, 19–21, 36, 44, 45, State's Ex. # 1). One psychiatrist noted that Ms. Gibbs "showed no distinct hullucinations or delusions." (Tr. Def's. Ex. # 3). Further, there was testimony that Ms. Gibbs would have periods of lucidity, and no psychiatrist testified that she was severely psychotic when she gave her confession. (Tr. 22, 48). While one psychiatrist testified that she was depressed and suicidal, thereby suggesting possible indifference to self-protection, another psychiatrist noted that she seemed only mildly depressed. (Tr. 17, Def. Ex. # 2).

---

3. *People v. Tipton,* 48 Cal.2d 389, 309 P.2d 813 (1957), *cert. denied,* 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 55 (1958).

4. *Pea v. United States,* 130 U.S.App.D.C. 66, 397 F.2d 627 (1967).

5. *Lynumm v. State of Illinois,* 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); *Townsend v. Sain, supra; Green v. United States,* 128 U.S. App.D.C. 408, 389 F.2d 949 (1967).

The two police officers who conducted the interrogation testified that Ms. Gibbs appeared intelligent, alert and competent. The clarity and detail of her confession suggests a normal memory and a lack of mental confusion. Prior to her arrest and confession she appears to have functioned normally in society. She was operating a nursery to care for children. When arrested, she initially denied involvement in the murders, suggesting an awareness that admitting involvement could have adverse consequences. The details of the murders indicates an attempt to conceal them. She carried each poisoned member of her family to hospitals in different counties and kept the bottle of rat poison well hidden. These attempts at concealment clearly suggest her awareness that admitting involvement could have adverse consequences.

On these facts this court must conclude that the record does fairly support the finding that Ms. Gibbs' confession was given voluntarily and was not substantially induced because of the effects of her psychosis. Consequently, her request for federal habeas relief is denied.

SO ORDERED.