Walter THOMAS, Jr.,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 78–1337
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1979.

Walter Thomas, Jr., pro se, Richard E. Wetzel, Staff Counsel for Inmates, Texas Dept. of Corrections, Rosharon, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Joe Dibrell, Douglas M. Becker, David M. Kendall, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, COLE-
MAN and VANCE, Circuit Judges.

PER CURIAM:

Appellant Walter Thomas filed an application for a writ of habeas corpus under 28 U.S.C.A. § 2254. Upon the recommendation of the United States magistrate the District Court denied the application, and Thomas appeals. We affirm in part and remand in part.

Appellant was arrested on a charge of robbery by assault. Soon thereafter, an attorney was appointed to represent him. This attorney, however, withdrew from the case, because appellant had informed him that his parents were attempting to retain counsel. At a pretrial hearing two days before the trial, "retained" counsel announced that he would not represent appellant. The court-appointed attorney, back on the case, filed a motion for severance, alleging as grounds that his lack of preparation would unfairly prejudice his client. The Court denied the motion, and the trial began as scheduled.

Thomas was tried with two co-defendants, Thornton and Lampkin. Prior to trial, all three were incarcerated in the Dallas County Jail. When they were called to get ready for trial, Thornton and Lampkin found the clothes they were wearing at the time of their arrests. Thomas, however, alleges that his clothing had been misplaced. According to his testimony, jail authorities offered him some filthy clothes covered with paint, but he refused to wear them and requested permission to have his relatives bring him clean attire.

Before his mother arrived with clothing, appellant was called to the court room for the voir dire examination of prospective jurors. Although, he alleges, his attorney objected orally,[1] Thomas appeared before the venire panel for at least thirty minutes in jail garb. By the time the jury had been empaneled, appellant had changed clothes and did not wear jail coveralls again.

During the trial, the defense attempted to call Robert Lee Durden as their last witness. He had been arrested with appellant and the two co-defendants, but the Court had severed his cause from the others. Durden was to testify out of the presence of the jury and only regarding the issue of whether he had consented to a search of his apartment.[2] The Court declined to let Durden testify under those conditions and stated that if he took the stand, "the State [could] ask him anything they [wanted] to, that he [couldn't] be restricted to any particular phase of the case, and, of course, the testimony [could] be used against him". Durden did not testify.

█ Appellant now raises three claims.[3] He first alleges that he was denied effective assistance of counsel, asserting that had his attorney had adequate time to prepare, he would have called several alibi witnesses.[4] In support, he presents the affidavits of three people who swear that appellant was in their presence at specific times. Their testimony, however, would not have aided Thomas at trial, since they do not account for his activities during the time of the alleged assault. We thus reject this first claim.

█ Second, Thomas asserts that the trial court's ruling on codefendant Durden's testimony denied him the right to compulsory process of a witness. This claim fails for two related reasons. First, it is clear that defense counsel had already presented a

---

1. There is no transcript of the jury voir dire. Appellant's trial counsel did submit a Bill of Exception stating that the Court had overruled his objection.

2. This search produced several items that belonged to the complaining witnesses. Appellant was present during the search.

3. Appellant has filed four previous applications for writ of habeas corpus in federal courts. *Thomas v. Decker,* No. CA-3-3773-B (April 10, 1970), *vacated,* 5 Cir., 1970, 434 F.2d 1033;

*Thomas v. Beto,* No. CA-3-5061-B (Aug. 30, 1971), *vacated,* 5 Cir., 1972, 461 F.2d 244; *Thomas v. Estelle,* 5 Cir., 1973, 486 F.2d 224; *Thomas v. Savage,* No. CA-3-74-297-D (Dec. 17, 1973), *reversed,* 5 Cir., 1975, 513 F.2d 536, *cert. denied,* 1976, 424 U.S. 924, 96 S.Ct. 1135, 47 L.Ed.2d 333.

4. Thomas' wife, who claimed that he was with her during the entire time of the alleged assault, did testify at trial.

motion to suppress and had failed to call Durden at that time. The Judge had denied the motion and the trial testimony had resumed. The defense finally called Durden immediately before resting their case. Since Texas law does not require a Judge to allow additional evidence after having denied a suppression motion, *see Roberts v. State,* 545 S.W.2d 157 (Tex.Cr.App.1977), we must find a Texas procedural default. *Cf. United States v. Quiroz-Carrasco,* 5 Cir., 1978, 565 F.2d 1328. Second, although appellant relies on Tex. Code Crim.Proc. art. 38.23 [5] to sanction his having raised the suppression issue, that statute will not support his position. It merely allows a de-

fendant to present the suppression issue to the jury, not to relitigate it before the Judge.[6]

■ We now turn to appellant's third claim, that his appearance before the venire panel unfairly prejudiced his trial. He admits that a failure to object at the time would have waived his right to raise this issue on appeal, *Estelle v. Williams,* 1976, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, but submits that his attorney *did* object and thus preserved error. Although the Texas courts, the federal magistrate, and the District Court have all rejected appellant's claim,[7] none has squarely addressed the is-

---

5. Art. 38.23 [727a] Evidence not to be used
No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

6. Appellant's reliance on *Simmons v. United States,* 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, is similarly misplaced. In that case the Court held that because defendant could not be forced to choose between his Fourth and Fifth Amendment rights, he could testify at his own suppression hearing without fearing that his testimony would be used against him at trial. *Simmons* is thus inapplicable to the facts of this case, in which appellant's Fourth and Sixth Amendment rights conflict with co-defendant's Fifth Amendment rights.

7. When ruling on appellant's Bill of Exception, the trial judge stated that
[t]he Court asked why the Defendant Thomas did not have on his regular suit and was told that he didn't want the suit on because it was too filthy and dirty and rather not appear in it and the Defendant Walter Thomas sat in the Courtroom for only 30 minutes between 11:30 and 12:30 during the voir dire examination and prior to arraignments, and plea; during the noon recess the Court insisted on the Defendant Thomas having on street clothes and during that time from some source or other he did procure street clothes and since that time has been dressed in street clothes, was dressed in street clothes at all times after the jury was selected, during the

arraignment and during the pleas and has been so dressed ever since.
Considering the question on appeal, the Texas Court of Criminal Appeals found that
The record reflects that appellant appeared before the jury panel for approximately thirty minutes during the voir dire examination in prison overalls. He preferred to wear the jail clothing, because he thought his regular clothes were too dirty; the court insisted that appellant wear street clothes, and he did so during the remainder of the voir dire examination and during the trial.

There is no showing of any injury or prejudice to appellant. In the absence of such showing, no reversible error is presented. *Wilkinson v. State,* Tex.Cr.App., 423 S.W.2d 311, and *Xanthull v. State,* Tex.Cr.App., 403 S.W.2d 807.
*Thomas v. State,* 451 S.W.2d 907, 909 (Tex.Cr. App.1970).
Appellant again raised the claim in a state habeas proceeding. Judge Gossett, who had also presided at appellant's trial, stated during the hearing that
[t]he Court recalls that the Defendant did not want to come down in jail clothes, I mean, in street clothes. He wanted to come down in jail uniform.
The Defendant: That is incorrect, judge.
The Court: The Court ordered him dressed in street clothes, if I recall right.
In his formal, written findings on that hearing, the Judge stated that "[p]etitioner's allegation that he was exhibited before the jury in jail clothing is without merit for the reasons contained in the Court of Criminal Appeals opinion, *Thomas v. State.*"
Finally, the magistrate, after having identified appellant's jail clothing complaint, found as follows:

The trial court hearing the writ recalled "that the petitioner chose to appear before the jury in jail clothing but the court ordered him dressed in street clothes." (Writ Tr. 34). Respondent further urges waiver by failure

sue of whether appellant properly objected to wearing jail clothing. We therefore remand the case to the District Court for this factual determination.[8]

A finding that appellant did object will lead to the conclusion that he did not waive his right to appear in street clothes and thus was deprived of a fair trial.[9] *See Brooks v. Texas,* 5 Cir., 1967, 381 F.2d 619. In such event, he will be entitled to be retried.[10]

AFFIRMED IN PART; REMANDED IN PART.

---

to object citing *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

In a detailed traverse the Petitioner contests these findings.

A review of the trial record discloses that there is a factual basis for the findings at the evidentiary hearing on the Petitioner's state writ application (Trial R. 148, line 14–R. 149, line 8). Accordingly, it is recommended that this ground be refused.

The District Court adopted the findings ·and conclusions of the magistrate.

8. A review of the record discloses several indications that appellant's counsel may have orally objected to appellant's appearing before the venire panel in jail clothing. First, he filed a Bill of Exception in which he stated that he had objected that the Court had overruled the objection and had "refused to delay the trial until defendant was properly dressed in civilian clothes." Moreover, during the hearing on his state habeas petition, appellant and his two trial codefendants all swore that counsel had immediately stated his objection to the jail coveralls. Thomas' attorney also testified that he remembered objecting.

9. We recognize that since appellant wore jail clothing only during the jury voir dire, the resulting prejudice may not have been as great as if he had stood trial in jail coveralls. *See Boswell v. Alabama,* 5 Cir., 1976, 537 F.2d 100, 102. We re-emphasize, however, that "no insinuations, indications or implications suggesting guilt should be displayed before the jury." *Brooks, supra* at 624. Each member of appellant's jury was selected from the venire panel that initially viewed him in identifiable jail garb.

10. The suggestion that Thomas "chose" to appear in jail clothing will not alone defeat his claim. *See Estelle v. Williams, supra,* in which defendant had informed the bailiff and the clerk that he wanted to wear his street clothes at trial. Because his counsel made no formal objection, however, the Supreme Court found that defendant had procedurally defaulted. Following the Supreme Court's reasoning, objection *by counsel* in this case would be determinative.

The Supreme Court's opinion in *Estelle* did not alter the concern it had expressed in *Brooks, supra. See* note 9, *supra.* Instead it recognized "that the state cannot, consistent with the Fourteenth Amendment, *compel* an accused to stand trial before a jury while dressed in identifiable prison clothes." *Boswell, supra* at 102 (emphasis added). Its finding of procedural default reflected only its conclusion that the crucial element of compulsion was not present.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.