**Johnny Lee COLEMAN**

v.

**Ross MAGGIO, et al.**

**Civ. A. No. 82–527–A.**

United States District Court,
M.D. Louisiana.

May 4, 1983.

Johnny Lee Coleman, in pro. per.

Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

Petitioner, Johnny Lee Coleman, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He attacks his conviction in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, of the crime of attempted aggravated rape. Petitioner claims that he lacked the mental capacity to knowingly and voluntarily waive his *Miranda* rights and that the state violated his Fifth Amendment privilege against self-incrimination by admitting into evidence a tape-recorded confession which he gave to officers of the Baton Rouge Police Department on August 16, 1976. That is the sole issue presented by Coleman's petition.

Coleman was arrested at about 6:00 A.M. on August 16, 1976, and charged with a series of rapes and the murder of one of the victims. He made several statements to two Baton Rouge police officers confessing to these crimes. Prior to trial a motion to suppress all of the confessions was made on behalf of Coleman and on January 4th and 5th, 1977, the trial court conducted an extensive evidentiary hearing in order to determine whether four tape-recordings containing the confessions ought to be suppressed. The trial court denied the motion to suppress and Coleman was subsequently convicted of three counts of aggravated rape and one count of forcible rape, the jury being unable to reach a verdict on a fifth count of aggravated rape and the first degree murder count. The Supreme Court of Louisiana reversed this conviction on the ground that the fifth aggravated rape count and the murder count were improperly joined with the other counts, *State v. Coleman,* 369 So.2d 1286 (La.1979), and specifically instructed the trial court to re-examine the admissibility of the confessions, particularly directing him to listen to each tape-recording in its entirety.

The prosecution amended the indictment so as to charge attempted aggravated rape instead of rape and severed counts one and two. The two confessions relating to counts one and two were considered at a hearing held by the trial court on May 11, 1979. At that hearing, counsel stipulated that all of the evidence presented at the 1977 hearing would constitute the record for the motion to suppress. On June 1, 1979, the trial court allowed extensive oral argument and on June 5, 1979, the trial court held that after consideration of all the evidence, including the two tape-recordings, Coleman did have the mental capacity to understand the warnings given him, to make the statements and that they were voluntary and admissible. The state went to trial only on count two alleging attempted aggravated rape of an L.S.U. co-ed.

Coleman was again convicted and sentenced to fifty years imprisonment. He appealed his conviction based solely on the issue presented here, that is, whether he had the intellectual capacity to freely and voluntarily waive his rights against self-incrimination. The Supreme Court of Louisiana affirmed the conviction, *State v. Coleman,* 395 So.2d 704 (La.1981). Accordingly, Coleman has exhausted all available state remedies and now seeks relief in federal court.

The state of Louisiana has filed in this court, a copy of the extensive transcript of Coleman's first conviction, the transcript of the 1977 hearing on the motion to suppress, the transcript of the 1979 hearing on that motion and the transcript of oral argument on the motion, along with the tape-recording and the transcript of the second trial.

Petitioner has not suggested that he has additional evidence to offer and the court finds that there is no need for an evidentiary hearing on this petition.

The record in this case establishes that at about 5:00 A.M. on July 31, 1976, Coleman broke into the apartment of an L.S.U. co-ed, stabbed her dog, ripped her telephone off the wall, forced her at knife-point into a bedroom and raped her. Following that attack, Coleman ransacked the apartment looking for money (he found a small amount and two rings) and prior to departure, he raped her a second time.

Petitioner seeks to set aside his conviction only on the basis that the evidence produced at the 1977 hearing on the motion to suppress, together with the tape-recording itself, demonstrate that Coleman lacked mental capacity to knowingly and intelligently waive his constitutional right to remain silent.

■ The state trial court, affirmed by the Louisiana Supreme Court, has made this factual determination against petitioner. The writ of habeas corpus is limited in scope. Federal courts do not sit to review factual findings made by state courts or to re-try state cases *de novo* and only violations of federal constitutional mandates can justify federal interference with adminis-

tration of a state's criminal justice system. *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). A state court determination of facts made after a hearing on the merits "shall be presumed to be correct" unless one of the listed statutory exceptions applies. 28 U.S.C. § 2254(d). Here Coleman does not assert that the state applied the wrong standard of law to the facts, nor that the state failed to give him a full and fair hearing. He simply claims that the original factual determination made by the trial judge was in error and that the second determination based on the prior evidence plus the tape-recordings was in error.

■ The presumption of correctness requires that this court must accept the state court findings unless, after a thorough examination of the record, it finds that "the record in the State court proceeding, considered as a whole, does not fairly support such factual determination" 28 U.S.C. § 2254(d)(8). Federal courts must accept state court determination of facts where such findings are based on a full, fair and adequate fact finding procedure. *Townsend v. Swain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *LaVallee v. Delle Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973).

This court has reviewed the transcript of the 1977 hearing in its entirety and all relevant portions of the transcript of both trials and has also listened to the taped confession. The evidence presented to the state court in 1977 includes the testimony of two psychiatrists, one psychologist, the police officers who advised Coleman of his rights and took the statements, a polygraphist, Coleman's father and Coleman himself. In its written findings of June 5, 1979, the state trial court concluded:

"After carefully reading and remembering the testimony of those who testified at the original suppression hearing and after listening to both confessions completely, the court is convinced that the state has carried its burden of proof beyond a reasonable doubt and that the statements were freely and voluntarily

made. Although there was evidence that the accused was somewhat retarded, considering his testimony, his description of the events and his waiver of rights on the tapes and considering all of the other witnesses and their testimony, the court feels that it is clear that mental illness did not preclude him from giving a voluntary statement."

The record of this matter shows that the state court afforded Coleman a full, fair and adequate hearing on his claim and petitioner has the burden to establish that the state court's determination was erroneous. *LaVallee v. Delle Rose, supra.* Although a federal prosecutor's burden is to prove by a preponderance of the evidence that a defendant has knowingly and intelligently waived his *Miranda* rights, *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), Louisiana has chosen to require its prosecutors to prove those facts beyond a reasonable doubt. *State v. Welch,* 337 So.2d 1114 (La.1976). There was conflicting expert opinion but opinion evidence, even in a case of this nature, is not controlling. *United States v. Bush,* 466 F.2d 236 (5th Cir.1972). Credibility choices made by the state trial judge after a full, fair and adequate factfinding procedure, such as that here, must be respected by the court in the absence of a statutory exception. *Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980). The state court's findings that despite petitioner's retarded mental capacity, he understood the warnings given him, understood the nature and consequences of the confession and knowingly, intelligently and voluntarily made his confession are fully supported by the record and are accepted as correct. *Casias v. Beto,* 459 F.2d 54 (5th Cir.1972).

For the foregoing reasons, petitioner's application for habeas corpus will be DENIED.