PER CURIAM.
This is an appeal from an order denying appellant’s motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to vacate a judgment of conviction and the sentence imposed thereon. The sole predicate for the motion to vacate is that appellant was not represented by counsel. The order denying the motion to vacate finds that this is a false predicate and a transcript of the proceedings before the court fully substantiates that conclusion.
The record reveals that the appellant, when arraigned upon a charge of breaking and entering an automobile (Section 810.051, Florida Statutes, F.S.A.), was in fact represented by counsel of his own choice, and that following some discussion between the trial judge and appellant’s attorney concerning the sentence imposable, appellant voluntarily entered a plea of guilty to the charge, was adjudged guilty, and the sentence imposed was as prescribed by law.
 On this appeal appellant seems to complain of the conviction and sentence on the ground that at the time of entering the plea of guilty his counsel was in some manner confused with regard to the maximum sentence imposable for the offense charged. This contention was not made before the trial court by the motion to vacate, nor is it presented by an appropriate assignment of error. Under the circumstances it is inappropriate, of course, to advance the proposition for the first time on the appeal. In an abundance of caution, however, we have carefully examined the court reporter’s transcript of the proceedings before the trial judge at the time of appellant’s arraignment and have given close attention to the colloquy at that time engaged in between the trial judge and counsel for appellant We have concluded that nothing occurred from which counsel for appellant can be said to have been misguided to appellant’s prejudice.
We deem it appropriate to add that absent a clear showing of abuse of the judicial power, which does not remotely appear *596 in this case, the sentence imposed on one convicted of crime is solely within the discretion of the trial judge, subject only to the condition that it meets the standards provided by law.
The order appealed is therefore
Affirmed.
STURGIS, C. J., and WIGGINTON and RAWLS, JJ., concur.