181 So.2d 739 (1966)
Louis PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. G-279.
District Court of Appeal of Florida. First District.
January 18, 1966.
W. Fred Turner, Lynn Haven, for appellant.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was informed against on October 21, 1960, for the crime of robbery, and on August 26, 1963, through his counsel entered a plea of not guilty. On the trial date he changed his plea to guilty and was sentenced to 10 years imprisonment.
On February 15, 1965, appellant filed a motion to vacate the judgment and sentence, alleging that he was not indicted by a grand jury and that he pleaded guilty because his counsel promised that such plea would result in probation instead of imprisonment. He requested a hearing to determine the merits of said allegations. On February 22, 1965, the trial court entered *740 an order denying said motion, noting that it had previously denied a similar motion filed by appellant, hence this appeal.
Appellant argues that his conviction is unlawful because he was charged by an information rather than by an indictment, that the latter procedure is required by the Fourteenth Amendment to the United States Constitution, and that since the public defender is an officer of the court, his representations to the accused in regard to punishment are binding upon the court when the accused in good faith acts upon them and enters a plea of guilty. He also argues that since the states must comply with the Sixth Amendment to the Federal Constitution regarding appointment of counsel, they are likewise required to comply with the Fifth Amendment, a question not raised in the lower court.
A plea is not invalid simply because counsel for an accused advises him to plead guilty. A sentence imposed upon a voluntary plea of guilty should not be vacated on the ground that defendant's attorney misled him to plead guilty by promising a lighter sentence or probation. See United States v. Bush, D.C., 135 F. Supp. 3 (1955).
The fact that appellant received a longer sentence than he anticipated is no basis for vacating a sentence when no promises were made to him by the prosecutor or the judge. Taylor v. United States, 4 Cir., 203 F.2d 948 (1953). The public defender does not stand in the same relationship to a defendant as does the prosecutor and the judge merely because said public defender is paid by the state.
The option sought by appellant, i.e., to reject his uncoerced plea of guilty if the sentence fails to accord with his expectations, has never been the law of this state. The sentence imposed following a plea of guilty is solely within the discretion of the trial judge, subject only to the condition that it meets the standards provided by law. Dickinson v. State, 170 So.2d 594 (Fla.App. 1965).
Affirmed.
WIGGINTON, Acting C.J., and STURGIS and CARROLL, DONALD K., JJ., concur.