203 So.2d 360 (1967)
John MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. 67-250.
District Court of Appeal of Florida. Second District.
October 13, 1967.
Rehearing Denied November 13, 1967.
Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SHANNON, Judge.
This is an appeal from an order denying without a hearing a motion for postconviction relief filed pursuant to Fla.R.Crim.P. 1, F.S.A. ch. 924 Appendix.
Appellant John Manning was charged with breaking and entering a building other than a dwelling house with intent to commit a felony. After originally pleading not guilty, he substituted a plea of guilty and was sentenced to a prison term of six months to five years. As grounds for his postconviction motion he asserted denial of pretrial benefit of counsel, failure to be informed of his right against self-incrimination, unfair trial and promise of a lighter sentence by his court-appointed counsel inducing him to plead guilty.
It is very well established that a voluntary plea of guilty waives all defects not jurisdictional or fundamental. Thomas v. State, Fla.App. 1967, 201 So.2d 834, 835; Hines v. State, Fla.App. 1967, 195 So.2d 605, 606; Childs v. State, Fla.App. 1966, 190 So.2d 605, 606. The fact that a plea of guilty is entered because of the defense *361 attorney's promise of a lighter sentence does not render such plea involuntary. Baker v. State, Fla.App. 1966, 188 So.2d 346; Pitts v. State, Fla.App. 1966, 181 So.2d 739, 740; Manning v. State, Fla.App. 1965, 176 So.2d 380, 381. This is equally the law where the defense attorney is court-appointed. Pitts v. State, supra 181 So.2d at 740. A criminal defendant cannot be given the option of rejecting his uncoerced plea of guilty if his sentence fails to conform with his expectations.
Therefore, appellant's plea of guilty must be considered voluntary. As such, it has the effect of waiving all defects alleged by appellant, none of which are jurisdictional or fundamental.
Accordingly, the order denying appellant's motion must be and is affirmed.
Affirmed.
LILES, C.J., and PIERCE, J., concur.