Robert Earl **WILLIAMS**, Plaintiff-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 26969.

United States Court of Appeals
Fifth Circuit.

April 21, 1969.

Rehearing Denied May 13, 1969.

---

6. Compare note 2, *supra*.

Robert Earl Williams, pro se.

Robert R. Crittenden, Morton J. Hanlon, Asst. Attys. Gen., of Florida, Lakeland, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Appellant filed a petition for habeas corpus in the district court seeking to reverse his first-degree murder conviction on the ground that incriminating statements taken in violation of his constitutional rights were admitted into evidence at his trial. The district court denied relief because of a failure to exhaust state remedies.[1]

■ When a state prisoner seeks federal habeas relief it is not essential that he have relitigated by state habeas proceedings, or other state post-conviction remedies, federal constitutional questions which were fully developed at his state trial and upon appeal to the highest state court. Hill v. Beto, 390 F. 2d 640 (5th Cir. 1968). But where the federal habeas court is unable to determine unequivocally that an issue has been considered and ruled upon by the state courts, comity requires us to "put the fact finding and law finding responsibility squarely on the Florida Courts where, initially at least, it belongs." Spencer v. Wainwright, 403 F.2d 778 (5th Cir. 1968). That is what the federal district court did in this case.

■ The record shows that the federal constitutional issues relied upon in the federal district court were raised at appellant's trial and upon direct appeal. But we are unable to establish that the Florida appellate court considered those issues in the direct appeal.[2] The only mention of these specific constitutional issues in the report of the opinion is in the court's list of appellant's points of error. The only ruling that can be said to relate to these issues is the opening statement in the opinion that no reversible error was committed, and the closing remark that the judge was not in error in his rulings on evidence.

"We find that there is such doubt that [Williams] has exhausted his available State remedies," Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968), that we must affirm the district court's denial of relief.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, this case has been put on the summary calendar for disposition without oral argument. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; Floyd v. Resor, 5 Cir. 1969, 409 F. 2d 714.

2. There has been no collateral action in the state court attacking the conviction.