Grover Cleveland McDANIEL,
Petitioner-Appellant,

v.

SHERIFF OF DALLAS COUNTY and State of Texas, Respondents-Appellees.

No. 30829

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 24, 1971.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Grover C. McDaniel, pro se.

Henry Wade, Crim. Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Grover Cleveland McDaniel, a former prisoner of the State of Texas, appeals from the district court's denial of his habeas corpus petition. We vacate and remand.

At the time the petition was filed below, the appellant's direct appeal was pending in the Texas Court of Criminal Appeals. For this reason the district court denied relief for failure to exhaust state remedies in compliance with the provisions of 28 U.S.C.A. § 2254, but granted a certificate of probable cause to appeal, 28 U.S.C.A. § 2253; Fed.R. App.P. 22(b).

During the time that McDaniel's appeal was pending here, the Texas court affirmed his conviction upon the direct appeal. McDaniel v. State, Tex.Cr.App. 1970, 461 S.W.2d 603. Shortly thereafter he was released from confinement upon expiration of his three-year sentence.

 The appellant now has no remedy under the law of Texas, for state habeas corpus is unavailable once a petitioner is neither in custody nor restrained of his liberty. Vernon's Ann.Tex.Code Crim.P. 11.07, 11.23; Ex parte Ruby, Tex.Cr.App.1966, 403 S.W.2d 129. Having exhausted his state remedies, appellant McDaniel should be given his day in federal court on the merits of his habeas contentions. He was still serving his state sentence at the time he filed that petition, so he is entitled to have it adjudicated on its merits. The case is not moot even though the sentence has been served. Carafas v. La Vallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. Therefore, we vacate the order appealed from and remand the case to the district court for adjudication of the merits of McDaniel's habeas corpus petition.

Vacated and remanded.