**Donald Harold BARTZ, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71–1661**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1971.

9. Appellee's brief, p. 10.

\* [1]  Rule 18, 5th Cir.  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Donald H. Bartz, pro se.

Robert Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Charles Corces, Jr., Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

The district court denied appellant Donald Harold Bartz's petition for a writ of habeas corpus on the ground that he had failed to exhaust state remedies.[1] The court, however, certified probable cause for this appeal. It is well established that a habeas corpus petitioner who has previously had his claims considered by the highest court of the state on direct appeal has exhausted his state remedies insofar as those claims are concerned and is not required by section 2254 to present those claims to the state courts again in a collateral proceeding.[2] After a thorough search of the record in this case, which included both state and federal proceedings, we conclude that the district court properly held that certain of Bartz's claims were without merit but that the court erred in holding that as to Bartz's other claims he had not exhausted state remedies. Accordingly, we affirm in part, and vacate and remand in part.

In February of 1966, Bartz was convicted upon a plea of guilty in a Florida state court of the offense of fondling and handling a female child under the age of 14 years. In May of the same year he was sentenced to twenty years in the Florida State Prison. The conviction was affirmed on direct appeal to the Florida District Court of Appeals.[3] Thereafter there followed a series of proceedings[4] involving the state courts and the United States District Court for the Middle District of Florida, in which Bartz was sent back to the Florida courts four times to exhaust state remedies.[5] Beyond our brief footnote

1. 28 U.S.C.A. § 2254.

2. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970); Malone v. Wainwright, 433 F.2d 927 (5th Cir. 1970); Hill v. Beto, 390 F.2d 640 (5th Cir.), cert. denied, 393 U.S. 1007, 89 S.Ct. 491, 21 L.Ed.2d 472 (1968).

3. Bartz v. Florida, 200 So.2d 204 (Fla. App.1967).

4. To the prisoner who pursues a writ of habeas corpus in a federal court and is repeatedly bounced back to the state courts to exhaust state remedies, the entire process must appear as a cruel game of ping-pong—with the beleaguered petitioner as the ball. We hasten to assure all who seek relief in the federal courts that the exhaustion doctrine is not meant to exhaust the prisoner, but rather to ensure that under the principles of comity inherent in the exhaustion requirement state courts have full opportunity to hear the claims of inmates incarcerated in state prisons.

5. In his first federal habeas petition of March 7, 1968 Bartz raised claims which the district court, on April 1, 1968, concluded on the record before him had not been heard by the state courts. On April 19, 1968 Bartz returned to the state trial court where his motion to vacate was denied on July 2, 1968. In its opinion denying relief the trial court stated: "It is the opinion of this Court that the defendant's relief from the judgment and sentence in this case, if any, is with the Parole Commission of Florida as said defendant has had his full and complete day in court." On appeal the cause was remanded for an evidentiary hearing on his claim of misapprehension in his plea of guilty. The trial court again denied relief but Bartz failed to appeal. Upon return to the federal district court he was told that because he had not appealed he had not exhausted state remedies and that he should seek an out of time appeal. Bartz diligently followed the court's suggestion but his out of time appeal was denied. He then returned to the federal court where his habeas corpus petition was denied on the ground that the state court had not heard his claims on the merits. In an order filed June 26, 1970

summary of Bartz's efforts to obtain post conviction relief, we find it unnecessary here to reconstruct a rather confusing record. It is sufficient to deal only with those proceedings which directly affect the result we reach.

In the order from which this appeal is brought, the district court found that eight of Bartz's twelve claims for relief were without merit.[6] Upon a review of the record we affirm that finding.

■ The court further found that three other of Bartz's claims—illegal signing of waiver of jury trial, coerced guilty plea and threats prior to guilty plea—taken in conjunction—alleged that his guilty plea was not intelligently and voluntarily made. As to these claims the court determined that because the Florida trial court had fully considered them on a motion to vacate and the appeal court had dismissed the appeal as being out of time,[7] further resort to the state courts would be frustrated by procedural rulings. For these reasons the district court concluded that Bartz had no effective state court remedies available to him relative to the issue of whether his guilty plea was voluntarily and intelligently made. The district court, however, was reluctant to hold that a petitioner who has been frustrated by procedural rulings in his efforts to exhaust state remedies has in fact exhausted

them. We agree with the district court that Bartz is unlikely to get a ruling on the merits on these claims from the Florida appellate courts. However, if this claim of frustration were the only basis upon which we could find exhaustion, we, as was the district court, would be reluctant to so hold.[8] But there is more.

Bartz's remaining claim was that he had been denied the effective assistance of counsel. As to this issue the district court held that he had not exhausted state remedies because the claim had not been before the state courts on the merits. The court denied the petition without prejudice advising Bartz to pursue the claim through the Florida trial and appellate courts. We do not agree with the district court's disposition of this claim.

A search of the record reveals that in January of 1967, John W. Burton was appointed as counsel to represent Bartz in the prosecution of his appeal. In March of 1967 Burton filed a motion to vacate the judgment and sentence in the Florida trial court in which Bartz had been convicted. Perhaps due to the many motions and petitions involved in this case, the district court overlooked the March 1967 motion. Neither in his most recent order nor in earlier orders does he appear to have considered it.[9] Grounds

the district court advised Bartz to seek further collateral relief in the Florida trial and appellate courts. On July 15, 1970 Bartz filed a Rule 1.850 motion to vacate in the state trial court. In that motion he raised, although somewhat inartfully, the claims of involuntary guilty plea and the ineffective assistance of counsel. This motion was treated as a petition for a writ of habeas corpus and was denied on the same day it was filed. Bartz then, on July 29, 1970, filed a petition for a writ of habeas corpus in the district court of appeal. His petition was denied on September 8, 1970. His subsequent return to the federal district court resulted in this appeal. In its final order the district court did not mention Bartz's last efforts in the state courts.

6. The eight meritless claims were: no preliminary hearing; unnecessary delay in

being brought before magistrate; not informed of rights; proceeded against by direct information; denied access to court records; interrogated without counsel; denied right to see, hear, or cross-examine state witnesses or evidence; and illegal search and seizure.

7. Bartz v. State, 235 So.2d 779 (Fla.App. 1970).

8. We note, however, that this court is not without the *power* to find that a habeas corpus petitioner has exhausted state remedies where he, for all practical purposes, has no effective state remedies. See Bell v. Alabama, 367 F.2d 243 (5th Cir. 1966) cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967).

9. Another possible explanation for this oversight is that the state has not been wholly responsive to the district court's

one and two of that motion dealt with Bartz's claim of a coerced guilty plea and alleged that he was advised by the public defender before his plea was entered that if he pled guilty the maximum punishment would be ten years, whereas he was, in fact, sentenced to twenty years. Ground number three raised the question of ineffective assistance of counsel.

On June 28, 1967, the District Court of Appeals of Florida affirmed per curiam Bartz's conviction.[10] Listed as his attorney was John W. Burton. The court wrote no opinion, merely stating, "Affirmed upon authority of", and thereafter cited four cases. Significantly, one of those cases, Cole v. State,[11] dealt with a claim of inadequate representation; another Domenica v. United States,[12] concerned the voluntariness of a guilty plea; the remaining two cases involved claims of misleading advice which was given prior to a plea of guilty, Pitts v. State,[13] and Dickinson v. State.[14] The citation of these cases coupled with the claims presented in Bartz's motion to vacate leads us to the conclusion that the Florida appellate court designated by statute to hear appeals of criminal cases [15] gave full consideration [16] to Bartz's claims, not only of inadequate representation, but his claims as to the alleged involuntary guilty plea as well.[17]

---

orders for prior state records. For example, the March 1967 motion to vacate appears to have been forwarded to the district court in response to a request for a motion to vacate filed in July of 1970.

10. Bartz v. Florida, 200 So.2d 204 (Fla. App.1967).

11. 172 So.2d 607 (Fla.App.1965).

12. 292 F.2d 483 (1st Cir. 1961).

13. 181 So.2d 739 (Fla.App.1966).

14. 170 So.2d 594 (Fla.App.1965).

15. In Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970), a state prisoner whose direct appeal had been heard by the Texas Court of Criminal Appeals was held to have exhausted state remedies.

Fla. Stat. § 924.08(1)–(2) (1967) provides:

Appeals in criminal cases.—From final judgments in criminal cases appeals shall lie:

(1) To the supreme court from judgments imposing the death penalty; from judgments or decrees passing upon the validity of a state or federal statute and from judgments construing a controlling provision of the state or federal constitution.

(2) To the appropriate district court of appeal from final judgment in all other criminal cases in which the circuit court has original jurisdiction, from criminal courts of record in cases of felonies and all criminal cases of which the Escambia court of record has jurisdiction.

Fla.App.Rules, Rule 2.1, subd. a(5) (b), 32 F.S.A. provides that appeals from the district court of appeals to the supreme court may be taken as a matter of right only in certain cases, none of which is applicable here. The rule also provides that the supreme court may review by certiorari *only* those decisions of a district court of appeal that affect a certain class of officers "or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law * * *."

16. But see Williams v. Wainwright, 410 F.2d 144 (5th Cir. 1969), cert. denied, 398 U.S. 943, 90 S.Ct. 1846, 26 L.Ed.2d 281 (1970). In *Williams* this court held that although the issues relied upon by a habeas corpus petitioner in the federal district court had been raised on direct appeal to the highest state court, there was no way to determine from the *court's* opinion that it had ruled upon the issues presented to the district court. For that reason petitioner was denied federal relief for failure to exhaust state remedies. The instant case differs from *Williams* in several respects. First, from a review of the record as a whole and the opinions of the Florida appellate courts we are able to determine that the Florida courts have considered Bartz's claims. Second, in *Williams* there was no collateral attack in the state courts. 410 F.2d at 145 n. 2. Here not only did Bartz pursue a habeas corpus petition to the state supreme court, see note 17 infra, but he also presented certain of his claims to the lower Florida courts pursuant to the state statutory post conviction scheme.

17. The following, found in the record but not discussed by the district court, adds

Therefore, the highest court of the state having considered on the merits the claims of inadequate representation and the issue of the involuntary guilty plea, further resort to the state courts on those claims is unnecessary. That portion of the district court's order that would require petitioner to return to the state courts is hereby vacated.

While we make no judgment upon the merits of appellant's claims, we are impressed, as was the district court, with certain of the state trial court's finding of facts in its post-conviction evidentiary hearing. The state court found there was "no misleading advice or trickery" which influenced appellant's guilty plea, but also that he was advised by his counsel, a public defender, "that the maximum sentence to which he could be subjected would be *ten years.*" Appellant was sentenced to and is presently serving a *twenty year* sentence.

The judgment of the district court is affirmed in part, vacated in part, and the case remanded for consideration on the merits of the claims of unintelligent and involuntary guilty plea, and the ineffective assistance of counsel. We leave to the discretion of the district court whether an evidentiary hearing is necessary.

Affirmed in part and in part vacated and remanded.

additional weight to our finding that the Florida courts have had ample opportunity to consider Bartz's claims. In September of 1967 Bartz filed a habeas corpus petition with the Florida Supreme Court. In response he received a letter from the Chief Justice of the Florida Supreme Court which acknowledged receipt of his habeas corpus petition and which referred by citation and docket number to the District Court of Appeals affirmance of his conviction. The Chief Justice advised Bartz that the "controlling statutes and rules do not require the docketing of successive petitions upon issues previously determined in this or another court. Your petition for habeas corpus is returned herewith." No record of subsequent action by the state supreme court

appears in the record. What the Chief Justice was probably trying to say was that Bartz had had his day in court. Under the Florida Rules of Criminal Procedure, Rule 1.850, 33 F.S.A., formerly Rule 1, the normal method for seeking review of a denial of a motion to vacate is by application to the district court of appeals for a writ of habeas corpus. Since in the instant case the court of appeals had already reviewed the case on direct appeal, there was no reason or provision for further review of the same issues by the same court. Furthermore, the issues raised were not of the nature which would have permitted appeal to the Florida Supreme Court or review by that court on certiorari, see note 15 supra.