LILES, Judge.
Appellant Pablo Gonzalez plead guilty to murder in the second degree, after having been indicted by a Grand Jury for murder in the first degree. He was represented at all stages on the trial level by a court appointed attorney. The public defender was appointed to represent him in this appeal and the public defender has filed an An-ders type brief. This court allowed appellant thirty days in which to file his brief and he has done so. Appellant maintains that he was promised a sentence of five years instead of the twenty years which was imposed by the trial judge.
The record reflects that two codefend-ants were involved in this matter and that they each plead guilty and did, in fact, receive five years, this transpiring before appellant was sentenced. The record further reflects that appellant plead guilty to killing one Theodore David Bennett while Bennett was attempting to perpetrate the abominable and detestable crime against nature, and that the appellant stabbed, cut and wounded Bennett to such an extent that he died as result thereof.
The judge in the presence of appellant’s counsel, who parenthetically was appointed by the court at the request of appellant’s parents, made extensive inquiry as to the voluntariness of appellant’s plea of guilty. The judge meticulously explained to appellant the legal sentence at the conclusion of which he correctly determined that the plea of guilty was voluntarily, knowingly and willfully given. The judge then ordered a pre-sentence investigation.
The record also reflects that at the time of sentencing appellant was present with counsel, his parents and a court-appointed interpreter. He then pronounced sentence which was twenty years in the State prison with credit for time already served. Neither appellant nor his attorney asked for a change of plea, and we must therefore conclude from the record that appellant plead guilty to the charge because he was, in fact, guilty.
The disturbing factor here is that appellant’s codefendants each received five years, but the record does not reveal why they received only five years and this appellant received twenty years. The mere fact that this is so does not constitute reversible error.
From the record before us we have no alternative but to affirm since there is no showing of reversible error.
Affirmed.
PIERCE, C. J., and MANN, J., concur.