**Dudley Lewis LEE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

No. 72-2723

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1972.

Dudley Lewis Lee, pro se.

Robert L. Shevin, Atty. Gen., Richard W. Prospect, Roger Tyler, Asst. Attys. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Dudley Lewis Lee is serving a life sentence upon conviction of robbery in the Court of Record in and for Escambia County, Florida. He petitioned the United States District Court for habeas corpus relief relative to this judgment of conviction.[1] The district court denied

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. In this action, the petitioner alleges that (1) ineffective court appointed counsel and

(2) prejudicial remarks by the county prosecutor denied his federal constitutional rights. Thus he now raises allegations different from his claim of denial of counsel during a line-up identification covered by his previous unsuccessful petition

the petition on grounds of failure to exhaust all available State remedies. We reverse that ruling and remand the cause for further proceedings.

In his habeas petition filed below, the appellant showed that he utilized his remedy provided by former Rule 1.850, now Rule 3.850, Fla.R.Crim.P., 33 F.S.A. He filed a motion to vacate the conviction and sentence in his trial court; and he appealed the denial of relief to the appropriate Florida District Court of Appeal, 260 So.2d 854. Lee did not petition the Florida Supreme Court for certiorari to review the affirmance, nor did he file a petition for habeas corpus in the Florida Supreme Court.

The United States District Court held that Lee's failure to file a petition for habeas corpus in the Florida Supreme Court barred federal habeas relief on grounds of failure to exhaust all available state remedies as is required by 28 U.S.C. § 2254(b). The district court cited Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), as indicating that this is a viable remedy for a Florida state prisoner.

■■ *Hollingshead,* however, involved the situation of alleged denial of direct appeal rights. This is an exception to the usual Florida rule that the ordinary state post-conviction remedy is by motion to vacate the judgment filed in the sentencing court, with appeal to the appropriate Florida District Court of Appeal. Johnson v. Wainwright, 453 F.2d 385 (5th Cir. 1971). Unless there are unusual circumstances not present here, such as conflict with the decision of another District Court of Appeal, there is no exhaustion requirement of application to the Florida Supreme Court for certiorari. Williams v. Wainwright, 452 F.2d 775 (5th Cir. 1971). As shown by our opinion in that case, and at n. 17 of Bartz v. Wainwright, 451 F.2d 663, 666 (5th Cir. 1971), the direct habeas petition to the Florida Supreme Court of a convicted state prisoner is rarely

entertained on its merits, and is granted even more rarely.

It would not only be unrealistic for the prisoner, but also would impose unnecessary burdens on the Florida Supreme Court, to require that state prisoners be generally required to petition the Court for habeas corpus before they can be considered to have exhausted available state remedies. The order of the district court denying habeas corpus relief is vacated and the cause is remanded for further proceedings consistent herewith.

Vacated and remanded.

for federal habeas corpus relief. Lee v. Wainwright, CA # 2280 (N.D.Fla., Dec. 29, 1970); certificate of prob. cause denied (5th Cir. 1971).