300 So.2d 691 (1974)
Pablo GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 73-781.
District Court of Appeal of Florida, Second District.
September 27, 1974.
*692 James A. Gardner, Public Defender, Sarasota, and E. Earl Taylor, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a denial of appellant's motion to vacate judgment and sentence.
Appellant was indicted for first degree murder. Private counsel recommended by appellant's parents was appointed to defend him. Thereafter, appellant entered a plea of guilty to murder in the second degree and was sentenced to a term of twenty years. The conviction and sentence were affirmed by this court in Gonzalez v. State, Fla.App.2d, 1972, 267 So.2d 45.
The crux of appellant's motion to vacate is that his plea was not freely and voluntarily entered with an understanding of its consequences because he was not informed that second degree murder carries with it a mandatory minimum twenty year sentence. He says that there were two others involved in the crime with him and that they received sentences of only five years upon charges of third degree murder. He asserts that he would not have pled guilty to the second degree charge had he known of the mandatory minimum sentence.
On the direct appeal, we specifically held that the plea had been voluntarily entered by the appellant with full understanding of its consequences. The question of whether appellant was advised of the statutory minimum sentence does not appear to have been specifically considered.
Insofar as the responsibility of the trial judge was concerned, while it may have been prudent to advise the appellant of any mandatory minimum sentence before receiving the plea, there is no requirement in Florida that this be done. The judge did advise appellant that by virtue of his plea he could be sentenced to life imprisonment. In fact, he received twenty years. Appellant cannot complain that his associates received lesser sentences. For aught this record shows, he may have been the most culpable of the three.
Even if it be true that his court-appointed lawyer did not advise him of the minimum mandatory sentence, the circumstances of this case are such that appellant is not entitled to have his plea set aside. The court accepted a plea to the reduced charge of second degree murder at a time prior to the abolition of the death penalty by the U.S. Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). See Hagans v. State, Fla.App.1st, 1968, 212 So.2d 79. Our statement in Manning v. State, Fla.App.2d, 1967, 203 So.2d 360, is apropos:
"... The fact that a plea of guilty is entered because of the defense attorney's promise of a lighter sentence does not render such plea involuntary. Baker v. State, Fla.App. 1966, 188 So.2d 346; Pitts v. State, Fla.App. 1966, 181 So.2d 739, 740; Manning v. State, Fla.App. 1965, 176 So.2d 380, 381. This is equally the law where the defense attorney is court-appointed. Pitts v. State, supra, 181 So.2d at 740. A criminal defendant cannot be given the option of rejecting his uncoerced plea of guilty if his sentence fails to conform with his expectations."
The order is affirmed.
*693 HOBSON, Acting C.J., concurs.
SCHWARTZ, ALAN R., Associate Judge, dissents with opinion.
SCHWARTZ, ALAN R., Associate Judge (dissenting).
I regret that I must dissent from the decision of the court. The sole issue before us is whether the appellant is entitled to an evidentiary hearing as to whether, under the circumstances of this case, his plea of guilty was made and received with a full understanding of its consequences. See FRCrP 3.170(j); Roberts v. State, Fla. App. 1962, 142 So.2d 152. The precise circumstances alleged in the motion to vacate included these:
"Defendant's co-defendants each entered a guilty plea and received five (5) years imprisonment. Defendant believed that he would receive the same sentence when he entered his guilty plea, but was sentenced to twenty (20) years imprisonment for second degree murder. Defendant did not know that he could have made a motion to withdraw the guilty plea, and his attorney did not advise defendant of the fact that defendant could have him (the attorney), to make an oral motion to withdraw the guilty plea if this defendant was dissatisfied with any part of the proceedings, so the defendant remained silent.
"All defendants were equally guilty and none of them had any prior police record.
"Defendant did not know that his co-defendants had in fact, entered their guilty plea to third degree murder which allowed them to be sentenced to five years. And this defendant did not know that the law, F.S.A. Section 782.04 had a mandatory minimum sentence of twenty years, for the offense of second degree murder. The attorney for this defendant did not inform defendant of the fact that there was a mandatory minimum sentence of twenty years. Had the Court-appointed attorney done so, or had defendant known it, he would not have pleaded guilty to second degree murder because he would have known he could not have been sentenced to less than twenty years and therefore could not have received five years like his co-defendants had received."[1]
It appears clear that, under these allegations a trier of fact could properly conclude that, without being informed by anyone, especially the court at the time of the reception of the plea, that he could receive no less than a twenty year sentence, the defendant simply had no accurate information about what was probably the most important result of that action. Indeed, it seems contrary to the requirements of fundamental fairness, to refuse even to hear the appellant's complaint of his ignorance of this essential fact and of the surrounding circumstances  his knowledge of his co-defendants' five-year sentences  which at once made it so important that he be told of the minimum term and rendered the unexpected sentence which followed the plea seem so disproportionate.[2]
Even without these special "surrounding circumstances," soundly reasoned decisions in other jurisdictions have held or indicated that a defendant should or must be informed, not only of the maximum, but also of the statutory minimum sentence involved. *694 Lutton v. State, 8 Wash. App. 822, 509 P.2d 58; Aiken v. United States, S.D.N.Y. 1972, 358 F. Supp. 87, 89-90; see State v. Montler, 85 N.M. 60, 509 P.2d 252, 253; People v. Harl, 11 Ill. App.3d 372, 297 N.E.2d 404 (advice as to minimum sentence required by rule). See also, ABA, Standards Relating to Pleas of Guilty, Approved Draft, 1968, § 1.4(c)(ii), which states that a guilty plea should not be received until the defendant has been informed
"... of the mandatory minimum sentence, if any, on the charge ..."
A fortiori, because of the allegations concerning the defendant's being affirmatively, if tacitly, misled by what had happened to his fellow defendants, I would follow these authorities and, at the least, grant Gonzalez an opportunity to be heard.
NOTES
[1] This court's prior opinion on direct appeal, Gonzalez v. State, Fla.App. 1972, 267 So.2d 45, itself evinces concern about the heavier sentence imposed upon the appellant.
[2] The majority states that, "[f]or aught this record shows, he may have been the most culpable of the three." But the only "record" on this issue before us  the contents of the motion to vacate  affirmatively alleges that all three defendants were equally culpable. In any case, a determination concerning this fact, if pertinent, would be a proper subject of the evidentiary hearing which has been denied Gonzalez, both below and here. If, as the majority suggests, the "record" may be considered to be silent, the very function of a hearing would be to supply the omission.