613 F.2d 568
 Russell BUFALINO, Petitioner-Appellee,
v.
Janet RENO, State Attorney for the Eleventh Judicial Circuit
of Florida; The Honorable Natalie Baskin, Circuit Court
Judge, Dade County, Florida; E. Wilson Purdy, Director of
Dade County Public Safety Department; The Director of the
Dade County Jail, Respondents-Appellants.
 No. 79-1040.
 United States Court of Appeals,
Fifth Circuit.
 March 13, 1980.
 
 Arthur Joel Berger, Bayard W. Heath, Asst. State's Attys., Miami, Fla., for respondents-appellants.
 Wilfred L. Davis, New York City, Charles P. Gelso, Wilkes-Barre, Pa., Max Lurie, Miami, Fla., for petitioner-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TUTTLE, BROWN and TATE, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 The petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254 to invalidate his Florida direct criminal contempt conviction. The writ was granted by the federal district court on the grounds that petitioner's state court contempt conviction was obtained in violation of due process of law and that the Florida state court had no jurisdiction to try and sentence a federal prisoner for criminal contempt under a writ of habeas corpus ad testificandum. The respondent state officials appeal.
 
 
 2
 We shall not review the merits of the issues decided by the court below.[1] Rather, we reverse and remand with directions to dismiss the petition, which contains only unexhausted claims, without prejudice to petitioner's reapplication, if necessary, following exhaustion of his state court remedies in respect of his claims. See, e. g., Lamberti v. Wainwright, 513 F.2d 277 (5th Cir. 1975).
 
 
 3
 Without reviewing the rather complicated facts, it is sufficient to say that, following the denial of his post-trial motions in state trial court to set aside the contempt judgment, Bufalino filed on October 10, 1978, a notice of appeal to the Florida District Court of Appeal, Third District. On the following day (October 11), Without exhausting his state remedies, he filed the present application for habeas corpus relief in the United States District Court. His petition for habeas relief was orally granted following a hearing on October 13, 1978, with written order entered November 2, 1978.
 
 
 4
 We emphasize again that, despite the unresolved pendency of a state appeal, the district court acted on the merits of Bufalino's application for habeas relief. (It did not, for instance, merely stay execution of the contempt sentence pending resolution by state or federal court of any federal constitutional issues thereby raised.) In brief, Bufalino concedes, "It is true that petitioner did not present his claims to the state appellate courts." However, he argues that the exhaustion doctrine should not here apply so as to prevent appellate consideration of his constitutional claim because the federal district court reached the merits and granted him habeas relief, citing Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978) (en banc).[2]
 
 Exhaustion of State Remedies
 
 5
 A state prisoner is ordinarily not able to obtain habeas corpus relief from a federal court unless he has first exhausted the available state remedies. 28 U.S.C. § 2254(b) and (c).[3] See generally 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4264 (1978). The exhaustion doctrine is grounded on notions of comity; the exhaustion requirement is an accommodation of the federal system to give the state the initial opportunity to decide (and correct if need be) alleged violations of federal constitutional rights. Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408-09, 30 L.Ed.2d 418 (1971). The exhaustion rule does not relate to the jurisdiction of the federal court but rather addresses the appropriate exercise of that jurisdiction in light of our unique American system of dual sovereignty.
 
 
 6
 Subject to some qualification (not pertinent here), the exhaustion doctrine requires that the federal claim must have been presented to the highest court of the State, either on direct review of the conviction or in a post-conviction attack.[4] As stated in Picard v. Connor, 404 U.S. 270, 275, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), "the federal claim must be fairly presented to the state courts. . . . Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies."
 
 
 7
 The respondents asserted below a lack of exhaustion of state remedies, both orally at the initial hearing and again in post-ruling pleadings and arguments thereon.[5] The petitioner candidly admits both in brief and at oral argument that he did not exhaust his available state remedies on any of his claims before the federal district court granted the writ. However, petitioner argues that requirements of comity are not controlling on appeal when the district court has already reached the merits of petitioner's claims, whether they be exhausted or unexhausted.
 
 
 8
 The petitioner's reliance on Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978) (en banc), as support for that proposition is misplaced. Galtieri held that, on those rare occasions where a federal district court has erroneously reached the merits of an exhausted claim in a "mixed" habeas petition,[6] and an appeal is taken from this dispositional order, we will review the merits of district court determinations respecting exhausted claims. We noted that, once a federal habeas court has reached the merits of such a claim and the case is presented for appellate review, the policy considerations that dictate dismissal in the district court for want of exhaustion are no longer controlling, and the reviewing court may entertain the claim on its merits. See Abdalian & Lachman, New Fifth Circuit Practice in Habeas Corpus Cases, 27 La.B.J. 17 (1979).
 
 
 9
 The Galtieri rule should not be extended to instances such as the present, where a petitioner has not exhausted Any of his constitutional claims. See Lamberti v. Wainwright, 513 F.2d 277 (5th Cir. 1975) (similarly applying the exhaustion-preclusion doctrine on appeal, despite district court grant of habeas relief). To extend Galtieri to situations where none of the claims are exhausted, as here, would ignore the codified exhaustion requirement. The exhaustion requirement reflects the federal policy that attempts to effect the proper balance between the roles of state and federal institutions protecting federal rights. This petitioner should present his contentions in the state courts before resorting to federal habeas corpus.
 
 
 10
 We should further note that, prior to the argument of this appeal, the Florida appellate court dismissed Bufalino's appeal from his state conviction. Bufalino v. State, 372 So.2d 479 (Fla.Dist.Ct.App.1979). This gave us some concern, because "(a) federal court can give relief, even though the state remedies had not been exhausted when the habeas corpus petition was filed, if they are exhausted by the time that the federal court acts." 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4264, at 654 (1978), Citing Sharpe v. Buchanan, 317, U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238 (1942), and Thomas v. Teets, 205 F.2d 236 (9th Cir. 1953), Cert. denied, 346 U.S. 910, 74 S.Ct. 240, 98 L.Ed. 407 (1953). However, in the present instance, the state appeal was dismissed for procedural reasons.[7] Consequently, the state court was not given a fair opportunity to pass on the merits of his constitutional claim, See Picard v. Connor, supra. Therefore, state remedies have not been exhausted. Accord, Harris v. Superior Court of the State of California, 500 F.2d 1124 (9th Cir. 1974) (en banc), Cert. denied, 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975).
 
 
 11
 Accordingly, the judgment of the district court is reversed, and the cause is remanded with directions to dismiss the petition without prejudice to petitioner's reapplication, if necessary, following exhaustion of his state court remedies in respect of his claims.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 [1]
 Petitioner for the first time on appeal also alleges that he was constitutionally entitled to trial by jury on the charge of criminal contempt. This claimed denial of a right to trial by jury was asserted neither in the state court nor in the federal district court. Having failed to exhaust this claim in the Florida courts and to present it below, petitioner cannot raise this issue for the first time on appeal. Blankenship v. Estelle, 592 F.2d 270 (5th Cir. 1979); Blankenship v. Estelle, 545 F.2d 510, 517 (5th Cir. 1979)
 
 
 [2]
 We do not regard as substantial Bufalino's other contention that the respondent state officials waived exhaustion as an issue on appeal because they did not affirmatively plead it in writing, despite the fact that their counsel orally raised it at the habeas hearing, R. 60, as well as in a post-hearing motion in the district court. Record on Appeal 31-33. See note 5, Infra
 
 
 [3]
 28 U.S.C. § 2254 relevantly provides:
 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
 
 
 [4]
 Because the writ of certiorari to the Florida Supreme Court lies only when the case appealed conflicts with a decision of the Florida Supreme Court or of a district court of appeals, this court has held that a Florida prisoner need not apply to the Florida Supreme Court to have exhausted his state remedies. Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir. 1979); Lee v. Wainwright, 468 F.2d 809 (5th Cir. 1972); Bartz v. Wainwright, 451 F.2d 663 (5th Cir. 1971)
 
 
 [5]
 Thus, we are not confronted with the situation where the State fails to raise the contention of lack of exhaustion of state remedies at the district level. In that situation, we have held that we will not be precluded from addressing the merits, because failure to raise the lack of exhaustion of state remedies at the district court level may, depending upon the circumstances, waive its assertion on appeal. Grooms v. Wainwright, 610 F.2d 344 (5th Cir. 1980); Messelt v. Alabama, 595 F.2d 247, 250 (5th Cir. 1979). For a discussion of the waiver of the exhaustion requirement, see 17 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4264, at 652-54 (1978)
 
 
 [6]
 Galtieri also held that federal district courts in this circuit should dismiss without prejudice a state prisoner's "mixed" habeas petition, I. e. one that asserts both exhausted and unexhausted claims that do not fit an exception to the exhaustion doctrine. Galtieri v. Wainwright, supra, 582 F.2d at 355-60. Accord, Gonzales v. Stone, 546 F.2d 807 (9th Cir. 1976), Noted in 52 N.Y.U.L.Rev. 1428 (1977). However, as Galtieri notes, the other circuits allow (and some require) district courts to consider the exhausted claims in a mixed petition, at least if the exhausted claims are "unrelated" to the unexhausted ones. For a discussion of this apparent conflict in the circuits See 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4264 at 640-43 (1978)
 
 
 [7]
 In oral argument, Bufalino was described as "abandoning" his state appeal. The text of the unreported state court opinion of May 13, 1979 (only the order of dismissal was cited at 372 So.2d 479) reads: "Upon the Court's own motion, IT IS ORDERED that the appeal which was entered in this cause in the circuit court for Dade County (No. 78-13120) be and the same is hereby dismissed for failure to comply with the Florida Rules of Appellate Procedure."