ON MOTION FOR REHEARING AND/OR CERTIFICATION

PER CURIAM.
We deny appellant’s motion for rehearing and/or certification of conflict regarding the constitutionality of section 39.061, Florida Statutes (Supp.1990), because this issue has not been preserved for appellate review.
Appellant pled guilty to escaping or attempting to escape from a juvenile facility in violation of sections 944.40, Florida Statutes (1989), and 39.061, Florida Statutes (Supp. 1990). Appellant subsequently moved to vacate his guilty plea, claiming that he was not aware that the first district 'had- declared section 39.061 unconstitutional. See D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). The trial court denied the motion without ruling on the 'constitutionality of the statute.
The sole issue raised on appeal regards the constitutionality of section 39.061; however, appellant waived consideration of this issue by entering the guilty plea. In this regard, appellant does not specifically contend that the trial court abused its discretion in denying appellant’s motion to vacate his plea. The fact that appellant was unaware of D.P. does not render the entry of the plea unknowing, unintelligent, or involuntary. Reed v. State, 447 So.2d 933 (Fla. 3d DCA 1984); Manning v. State, 203 So.2d 360 (Fla. 2d DCA 1967).[1]
MOTION DENIED.
. DIAMANTIS, J. and COWART, J.A., Senior Judge, concur.
W. SHARP, J., dissents with' opinion.

. We would note that in B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993), this court recently upheld the constitutionality of section 39.061.