**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60935**
_____

**DAVID DONNELL JACKSON,**

                                        **Petitioner-Appellant,**

**versus**

**ROBERT ARMSTRONG,**

                                        **Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(3:01-CV-584-BN)**
_____

May 23, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

    David Donnell Jackson, Mississippi prisoner # 39640, seeks a certificate of appealability ("COA") to appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for failure to exhaust his state remedies, pursuant to 28 U.S.C. § 2254(b)(1)(A).  To obtain a COA, Jackson must make a substantial showing of the denial of a constitutional right, which requires him to show that "jurists of reason would find it debatable whether the

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2).

Jackson argues that he should not be required to exhaust because his state habeas application remains pending and has been unduly delayed by the Mississippi Supreme Court. However, the Mississippi Supreme Court clerk's office confirms that Jackson's postconviction motion was denied on April 5, 2002, while the instant appeal was pending. Because he has now exhausted his state remedies, COA is **GRANTED**, the district court's dismissal is **VACATED**, and the case is **REMANDED** for further proceedings on the merits. *See* *Sharpe v. Buchanan*, 317 U.S. 238, 238-39 (1942); *Bufalino v. Reno*, 613 F.2d 568, 571 (5th Cir. 1980); *McDaniel v. Sheriff of Dallas County*, 445 F.2d 851, 852 (5th Cir. 1971).

*COA GRANTED; CASE VACATED AND REMANDED*