**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

Lyle W. Cayce
Clerk

No. 11-40396
Consolidated with
11-40398

RICHARD JAMES BUCKNELL,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
No. 4:10-cv-00216
No. 4:10-cv-00184

Before JONES, Chief Judge, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard James Bucknell, Texas prisoner # 1277904, appeals from the judgments entered by two district courts dismissing without prejudice his two applications for a writ of habeas corpus under 28 U.S.C. § 2254 for failure to exhaust state remedies. Because Respondent concedes that the district courts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40396
Consolidated with
11-40398

erred by dismissing Bucknell's applications for failure to exhaust, we VACATE the district courts' judgments and REMAND for further proceedings on the merits.

A Texas jury convicted Bucknell on two counts of aggravated sexual assault of a child, and he was sentenced to fifty years of imprisonment for each conviction. The state trial court assigned a separate docket number for each count, and Bucknell's convictions were affirmed on direct appeal. Bucknell then filed two state habeas applications, one for each docket number, raising several ineffective assistance claims. Almost eighteen months later, Bucknell filed a single federal habeas application without waiting for the state courts to rule on his state habeas applications; his federal habeas application raised the same ineffective assistance claims raised in his state applications. Bucknell also filed a motion to waive the state exhaustion requirement, citing the State's "unjustifiable and inordinate delay"in resolving his state habeas applications. The district court severed the proceedings to account for the two different state court docket numbers. In both of the severed cases, the magistrate judges recommended dismissing Bucknell's federal applications *sua sponte* for failure to exhaust his state remedies. When the magistrate judges made their recommendations, the Texas Court of Criminal Appeals ("CCA") had not yet ruled on Bucknell's pending state writs.

However, before the two district courts addressed the magistrate judges' recommendations, the CCA denied Bucknell's state applications without a written order. About a month later, the two district courts overruled Bucknell's objections, adopted the findings and conclusions of the magistrate judges, and dismissed his federal habeas applications without prejudice. Bucknell timely noticed an appeal in both cases. Because Bucknell had apparently exhausted his

No. 11-40396
Consolidated with
11-40398

state remedies prior to entry of the district courts' judgments, we permitted Bucknell to proceed in forma pauperis, granted certificates of appealability, and consolidated his two appeals.

Respondent confesses error in the district courts' judgments below. He argues that district courts should test exhaustion at the time they act upon a state prisoner's federal habeas application, rather than at the time the federal habeas application was filed. Because Bucknell exhausted his ineffective assistance claims in state court before the district courts dismissed his federal habeas applications, Respondent argues that we should vacate the district courts' judgments and remand for further proceedings.

We review "de novo whether a federal habeas petitioner exhausted all available state court remedies." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citation omitted).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted). However, the "exhaustion of state habeas remedies is not a jurisdictional prerequisite and, as a result, may be waived by the State." *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998) (citations omitted).

Under these circumstances, we hold that the district courts erred by dismissing Bucknell's federal habeas applications for failure to exhaust state remedies. First, Bucknell exhausted his state court remedies by the time the district courts dismissed his federal habeas applications. *See Buffalino v. Reno*, 613 F.2d 568, 571 (5th Cir. 1980) (noting that a "federal court can give relief, even though the state remedies had not been exhausted when the habeas corpus

3

petition was filed, if they are exhausted by the time that the federal court acts")
(quoting 17 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
FEDERAL PRACTICE AND PROCEDURE § 4264, at 654 (1978)).  Moreover, the CCA
denied Bucknell's state habeas applications without a written order, and neither
party has made any contention that the CCA dismissed his state habeas
applications for a procedural reason.  Accordingly, the CCA was "given a fair
opportunity to pass on the merits of [Bucknell's] constitutional claim[.]" *Id.*
(citation omitted).  Lastly, Respondent has waived the exhaustion requirement
on appeal.  Although we have the discretion to reject the Respondent's "waiver
in the interests of comity[,]" *Earhart*, 132 F.3d at 1065, there is no reason to do
so in this case because the CCA has already passed on the merits of Bucknell's
constitutional claims.  *Cf. id.* at 1065–66 (noting that if a "case presents an issue
involving an unresolved question of fact or state law, the court may insist on
complete exhaustion to ensure its ultimate review of the issue is fully informed")
(citation omitted); *see Koehl v. Cockrell*, 44 F. App'x 651, 2002 WL 1396939, at
*1 (5th Cir. June 6, 2002) ("The respondent concedes that, by virtue of a decision
by the [CCA], Koehl exhausted the claims presented in his state [habeas]
application . . . during the pendency of proceedings in the district court.  Koehl
was therefore entitled to consideration of his 28 U.S.C. § 2254 application insofar
as it presented exhausted claims.") (citation omitted); *Jackson v. Armstrong*, 37
F. App'x 713, 2002 WL 1217673, at *1 (5th Cir. May 23, 2002) (vacating a district
court's dismissal of a state prisoner's federal habeas application because the
Mississippi Supreme Court denied his postconviction motion while his federal
appeal was pending).

Bucknell contends that merely vacating and remanding to the district
courts will cause him to "automatically lose" because his § 2254 applications do

No. 11-40396
Consolidated with
11-40398

not argue that the CCA's disposition of his ineffective assistance claims was an "unreasonable application of federal law" or an "unreasonable determination of the facts." However, even if we were to assume that Bucknell's concerns could have merit in other § 2254 appeals, they do not find purchase in this case because the CCA denied his state habeas applications without any explanation and there is no evidence that it did so for procedural reasons. Accordingly, Bucknell will not be precluded from showing on remand that he is entitled to habeas relief under 28 U.S.C. § 2254(d)(1).

For the foregoing reasons, we VACATE the district courts' judgments dismissing Bucknell's federal habeas applications, and we REMAND for further proceedings on the merits.[1]

---

[1] Lastly, Respondent claims that Magistrate Judge Mazzant appears to have considered certain procedural aspects of Bucknell's claims on direct appeal while he was serving as a state appellate judge. We will not address this issue in the first instance as the parties may do so on remand. Additionally, these two cases should be consolidated on remand so the district court can produce a unified opinion and order.