# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-20682
Summary Calendar

COLLINS O. NYABWA,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1152

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa, former Texas prisoner # 1729106, pleaded guilty to three counts of improper photography and was sentenced to concurrent terms of one year of imprisonment. He moves for a certificate of appealability (COA) to challenge the dismissal of his 28 U.S.C. § 2254 petition.

A COA may issue only if Nyabwa has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as herein, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of § 2254 relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Habeas applicants are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective." *See* § 2254(b)(1). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (internal quotation marks and citation omitted). The record reflects that Nyabwa satisfied the exhaustion requirement. *See Sharpe v. Buchanan*, 317 U.S. 238, 238-39 (1942); *Bufalino v. Reno*, 613 F.2d 568, 571 (5th Cir. 1980); *McDaniel v. Sheriff of Dallas County*, 445 F.2d 851, 852 (5th Cir. 1971); *see also Shute v. State of Tex.*, 117 F.3d 233, 238 (5th Cir. 1997).

Further, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether [Nyabwa] has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). We express no view on the validity of Nyabwa's claim, the accuracy of his factual allegations, or the ultimate resolution of Nyabwa's habeas petition.

A COA is GRANTED on the exhaustion issue. No further briefing is required. IT IS ORDERED that the judgment is VACATED, and this case is REMANDED to the district court for further proceedings. *See Houser*, 395 F.3d at 562; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Nyabwa's motion for the appointment of counsel, is DENIED.